444 So.2d 1328 (1984)
STATE of Louisiana, Appellee,
v.
Ronald L. KELEMAN, Appellant.
No. 15575-KA.
Court of Appeal of Louisiana, Second Circuit.
January 16, 1984.
Rehearing Denied February 23, 1984.
Writ Denied March 23, 1984.
*1329 Paul Henry Kidd, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Lowen B. Loftin, Dist. Atty., William *1330 R. Coenen, Jr., Asst. Dist. Atty., Rayville, for appellee.
Before MARVIN, FRED W. JONES, Jr. and SEXTON, JJ.
MARVIN, Judge.
Defendant appeals his conviction of armed robbery and his sentence to 45 years at hard labor after a trial by judge. LRS 14:64. He assigns errors which concern the admissibility of a statement made by the defendant, the effectiveness of defendant's counsel at trial, and the sufficiency of the sentencing hearing. We affirm.
About noon on August 26, 1982, Mrs. Nobie Gibson was robbed of about $150 at gunpoint and then shot in the head two times at Wilson's Hardware Store in Delhi where Mrs. Gibson was employed. Fortunately, Mrs. Gibson was able to telephone for help and was treated in a Monroe hospital.
The defendant was arrested a day later about 6:00 p.m. at a Rayville motel where he was then staying. He was arrested on an outstanding bench warrant from West Carroll Parish for failure to appear on a speeding charge. A person in Delhi had told sheriff's deputies that defendant was in the area of the hardware store on the morning the robbery occurred. Others had described a person of similar appearance near the store before defendant's arrest occurred. Defendant was taken to the Richland Parish Sheriff's Office for questioning, where he signed a waiver of rights form at 6:30 p.m. He admitted being in Delhi the day before and being in the hardware store, but denied any involvement in the robbery or shooting. He stated that he owned a .22 caliber pistol and that it was located in his car at the motel. A search warrant was issued for defendant's car at 8:43 p.m. The basis for the warrant was defendant's statement that he owned a .22 pistol, the fact that the victim had been shot by a small caliber weapon, the statements by the witness that defendant had been in the area, and the descriptions given by the victim and other witnesses.
The defendant moved to suppress his statement and the pistol. He claims that his statement was not freely and voluntarily made because he was not clearly informed of the reason for the questioning. He claims that the pistol should be suppressed because the basis for the search warrant was his own statement.
Two of the officers who had been in the room during questioning and the defendant testified at the hearing on the motion to suppress. Both officers stated that no questions were asked of defendant before he signed the waiver of rights form at 6:30 p.m. The officers stated that immediately after defendant's rights were explained to him, defendant was informed that he was being questioned about a shooting and robbery that had occurred in Delhi the day before. The waiver of rights form contains the signature of defendant in two places. The first signifies that the defendant had read the statement of rights and that he understands them. The second signifies his willingness to waive those rights and make a statement. Defendant admitted signing the rights form and stated that no promises had been made to him by the police. Defendant was formally arrested on the robbery and attempted murder charges at 9:18 p.m. and was asked to sign a second waiver of rights form with the charges noted thereon. He refused to sign this form and no further questioning took place.
The trial judge saw and heard the witnesses testify at the hearing on the motion to suppress and his conclusions on credibility are entitled to great weight. State v. Rodrigue, 409 So.2d 556 (La.1982). Both police officers testified that defendant was informed of the reason for the questioning before the statement was made. The trial judge believed these two witnesses. We find no error in the determination that the statement was made freely and voluntarily.
The pistol was also properly admitted into evidence. The search warrant was based on credible evidence other than defendant's statement that he owned a .22 caliber pistol and in any event the statement *1331 has been found admissible and not tainted.
Defendant next contends he was deprived of effective assistance of counsel at trial. This issue was raised and heard on the motion for new trial in the district court. While this issue is normally relegated to post conviction relief applications, we consider it and find it without merit in this appeal. State v. Burkhalter, 428 So.2d 449, 456 (La.1983). Defendant complains of the failure of his attorney to obtain an independent ballistics examination of the gun, to explain the consequences of his waiver of a jury trial, to call witnesses showing an alibi defense, and to show that the victim had made a prior inconsistent statement.
The gun found in defendant's car and a spent bullet which was found in the hardware store were sent to the state crime laboratory in Baton Rouge for testing. The results of the test showed that the bullet had been fired from the defendant's weapon. A copy of that report was furnished to defense counsel. The attorney testified at the motion for new trial that he decided not to have an independent ballistics examination conducted because of the fear that an independent report would also be conclusive and would be used against the defendant by the state. Defendant's trial attorney testified that had the state report been questionable at all, he would have had an independent examination conducted but that under the circumstances, his judgment was that it would not be in the best interest of the defendant to have an independent examination. The state ballistics examiner testified that the bullet was easily identified with the pistol and that there was no question in his mind that the bullet had been fired from the defendant's gun. This circumstance does not suggest ineffectiveness in our opinion.
Defendant testified on the motion for a new trial that he knew what a jury trial was, that he knew he was signing a waiver of a jury trial, and that he did so on the advice of his counsel. The defendant completed high school and one year of college. He had pleaded guilty to other unrelated charges before this charge and was not ignorant of the right to a trial by jury. The advice to the defendant that he should waive a jury trial was a matter of professional judgment and we cannot say that the judgment of his trial attorney fell below the competency demanded of defense counsel in criminal cases. See State ex rel. Graffagnino v. King, 436 So.2d 559 (La. 1983).
Several of the witnesses whom defendant claims should have been called at trial, were called at the hearing on defendant's motion for new trial. None of these witnesses was able to provide an alibi for the defendant at the time the robbery and shooting occurred. Defendant testified that he was on his way to or at Josie Thomas' house at the time the robbery and shooting occurred. However, Mrs. Thomas testified that defendant did not come to her house until 1:20 or 1:30 that afternoon. The robbery and shooting occurred between 12:00 and 12:30. Defendant would have had time to commit the crime in Delhi and drive to Mrs. Thomas' house in Rayville in this amount of time. Witnesses at the motion for a new trial testified that they did not see defendant until about 1:30 p.m. or later on the day of the robbery. These circumstances do not show ineffectiveness of counsel.
The "prior inconsistent statement" that defendant claims his counsel should have pursued was a statement by the victim that defendant had been in the store twice on the morning of the shooting while her testimony was that defendant came in the store three times. This inconsistency is minor and is not crucial in the light of the overwhelming evidence that defendant committed the crime.
The final assignment is the propriety of the sentencing process. The defendant contends that the trial court erred in not ordering a pre-sentence investigation, in not granting a continuance at the sentencing, and in not complying with the sentencing guidelines of CCrP Art. 894.1.
*1332 A pre-sentence investigation may be ordered by the court, but it is not a right of the accused and is not mandatory. CCrP Art. 875. The purpose of a PSI is to aid the court in its sentencing decision. The defendant did not request a pre-sentence investigation until the day of the sentencing hearing which had once before been continued. On this record, we do not find that it was an abuse of the trial court's discretion to refuse to honor defendant's belated request for a pre-sentence investigation. State v. Bell, 377 So.2d 275 (La. 1979).
The defendant moved for a continuance on the morning of the sentencing hearing which followed the hearing on the motion for new trial. On our own motion, we note that CCrP Art. 873 requires a delay of 24 hours before sentencing after a motion for new trial is overruled. Sentencing occurred immediately after the motion for new trial was overruled. However, absent a showing that defendant was prejudiced by the failure to observe the delay, we are not required to remand for resentencing, especially where a substantial time has passed between trial and sentencing. State v. White, 404 So.2d 1202 (La. 1981). The guilty verdict was returned on December 9, 1982. Sentencing was originally set for December 28, 1982, but was delayed on request of defendant's counsel. The sentencing occurred on January 4, 1983. Witnesses at the motion for new trial had testified to defendant's character. Defendant has not shown that any further favorable evidence could have been produced had a continuance been granted. Under these circumstances, the sentencing without delay will not compel a remand.
We are also of the opinion that the trial court sufficiently complied with the sentencing guidelines of CCrP Art. 894.1 and illumines substantial recognition of the 894.1 factors. The transcript of the hearing for the continuance and the sentencing reveals that the court considered the absence of mitigating factors and found that a lesser sentence would deprecate the seriousness of the offense. The trial court noted that the defendant had used a gun in the commission of the offense and had seriously injured the victim by shooting her twice. The guidelines were substantially observed and that the sentence of 45 years at hard labor is not excessive.
The defendant's conviction and sentence are AFFIRMED.