FRED W. JONES, Jr., Judge.
The defendant, Morty Williams, was found guilty by a jury of second degree murder (R.S. 14:30.1). The mandatory sentence of life imprisonment at hard labor without benefit of parole was imposed. The defendant appealed, relying for reversal of his conviction upon eight assignments of error, two of which were abandoned.

Factual Context

On the night of July 1, 1982, the defendant and Frank Rogers along with several other men were gambling in the Rainbow Lounge in Lake Providence. When the defendant ran out of money he borrowed some from Rogers, pawning to Rogers his ring as security for the loan. Later the defendant won back enough money to reimburse Rogers for the funds borrowed and requested the return of his ring. When Rogers replied that he did not have the ring an argument ensued which was bro *1102 ken up by Melvin Banks, the lounge owner, and other patrons.
About 45 minutes later the defendant encountered Banks across the street from the lounge on a grocery store parking lot and started arguing with him. Banks returned to his lounge and called the police. In the meantime, Rogers appeared on the parking lot and he and the defendant resumed their argument over the ring. Both were armed with pistols. The argument culminated with each pulling his weapon and firing at the other. When the guns were empty, the defendant went over to his brother’s car and the two drove off. Rogers, who was seriously wounded, died later that night. The defendant was arrested and charged with the second degree murder of Rogers.
ASSIGNMENT OF ERROR No. 1
Defendant contends that the trial court erred in denying the motion to suppress his confession because the police initiated his interrogation after he had invoked his constitutional privilege against self-incrimination and his right to have counsel present during questioning. As authority for this position defendant cites Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). The holding of this case is that an accused, having expressed a desire to deal with the police only through counsel, is not subject to interrogation by the officers until a lawyer has been made available to him, unless the defendant himself initiates further communication with the police.
In this case the trial judge accepted as true the testimony of Deputy Warner that the defendant sent word, after asking for a lawyer, that he desired to talk to the deputy. Consequently, it was the finding of the trial court that the defendant waived his Edwards rights by initiating the contact with the police and then making the confession.
The trial judge’s assessment of the credibility of Deputy Warner, the only witness who testified at the motion to suppress, is entitled to great weight. State v. Willie, 410 So.2d 1019 (La.1982). Therefore, we conclude that the state discharged its burden of proving that the confession was free and voluntary. As a result, no error was committed in admitting into evidence the confession.
This assignment lacks merit.
ASSIGNMENT OF ERROR No. 3
Defendant argues that the trial court committed error when she refused to permit defense counsel to elicit testimony concerning the dangerous character of the victim, which he sought to bring out during cross-examination of Melvin Banks. The question posed was: “Did you know what kind of disposition he (Rogers) had?” The state’s objection to the question was sustained.
Defendant relies upon the case of State v. Edwards, 420 So.2d 663 (La.1982) for the proposition that it is reversible error for the trial judge to forbid the defendant to present evidence concerning the dangerous character of the victim. However, as pointed out in Edwards, “only evidence of general reputation, not evidence of specific acts or personal opinion, is admissible to establish who was the aggressor in the conflict.” La.R.S. 15:479.
Here, defense counsel did not ask Banks if he was familiar with the victim’s reputation in the community and, if so, what that reputation was. To the contrary, his query was directed to the witness’s personal opinion concerning the “disposition” of the victim. This interrogation was improper and the objection thereto was properly sustained.
This assignment is without merit.
ASSIGNMENT OF ERROR No. 5
Defendant asserts that the trial judge erred in sentencing him immediately after denying his motion for a new trial, rather than waiting 24 hours as required by La.C. Cr.P. Article 873.
As we pointed out in State v. Keleman, 444 So.2d 1328 (La.App.2d Cir.1984), absent a showing that the defendant was prejudiced by failure to observe the described delay, there is no necessity to remand for *1103 resentencing. Also see State v. White, 404 So.2d 1202 (La.1981).
In this case there is no showing that the defendant was prejudiced when the trial court immediately imposed the mandatory life sentence rather than delaying sentencing 24 hours after denial of the motion for a new trial.
This assignment lacks merit.
ASSIGNMENTS OF ERROR Nos. 6 & 7
These assignments deal with sufficiency of evidence and burden of proof.
For purposes of this offense, second degree murder is defined as “the killing of a human being: (1) when the offender has a specific intent to kill or to inflict great bodily harm.”
In Assignment No. 6 the defendant maintains that the evidence presented by the state was insufficient to support the verdict.
In order to satisfy due process standards, the record evidence, viewed in the light most favorable to the prosecution, must be sufficient for a rational trier of fact to conclude that the essential elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
In Assignment No. 7 the defendant asserts that the state failed to prove beyond a reasonable doubt that the homicide was not committed in self-defense.
As often happens, eyewitnesses presented the jury with conflicting accounts of the shooting. Van Archie Smith stated that he had been gambling with the defendant and Rogers in the lounge and was present during their argument on the grocery store parking lot. He testified that the defendant thrust his gun in Rogers’ face and demanded the return of his ring. Rogers then asked the police officer, Jackson, if he was going to do anything because “the man has murder on his mind.” The defendant next shot over Rogers’ head and told him to draw his gun. Rogers pulled his weapon and both fired until their guns were empty. The defendant’s third or fourth shot struck Rogers and spun him around.
Smith’s testimony concerning the defendant pulling his gun on Rogers and telling him to draw his weapon was corroborated by Melvin Banks and Larry Smith. Eddie Brown also stated that the defendant fired first.
On the other hand, Officer Jackson testified that the first shot was fired by Rogers, hitting the defendant in the ear. He said that the defendant did not begin shooting until after that. Jackson further asserted that an individual sitting nearby in a parked car also began firing a weapon.
Apparently the jury exercised its lawful prerogative and chose to believe the version of the shooting presented by Van Archie Smith, Banks and Larry Smith rather than Officer Jackson.
Under the circumstances, viewing the evidence in the light most favorable to the prosecution, it was sufficient for a rational juror to conclude that the essential elements of second degree murder were proven beyond a reasonable doubt. Furthermore, the state proved beyond a reasonable doubt that the defendant was not acting in self-defense when he shot the victim. One who is the aggressor cannot claim self-defense unless he withdraws from the conflict in good faith in such manner that his adversary knows, or should know, that he desires to withdraw or discontinue the conflict. State v. Williams, 438 So.2d 1212 (La.App.3rd Cir. 1983); La.R.S. 14:21. There was ample evidence here to support the jury’s conclusion that defendant was the aggressor in the shooting incident and never manifested an intention to withdraw from the conflict.
These assignments are without merit.
ASSIGNMENT OF ERROR No. 8
Defendant herein assigns all errors patent on the face of the record. Finding none, we deem that this assignment lacks merit.

*1104
Decree

For the reasons explained, we affirm defendant’s conviction.