497 So.2d 392 (1986)
STATE of Louisiana, Plaintiff-Appellee,
v.
Llewellyn FICKES, Defendant-Appellant.
No. CR 86-478.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1986.
*393 Dennis R. Bundick, Abbeville, for defendant-appellant.
Louis Garrot, Asst. Dist. Atty., Abbeville, for plaintiff-appellee.
Before FORET, STOKER and LABORDE, JJ.
STOKER, Judge.
Llewellyn Fickes appeals his conviction of aggravated crime against nature.
Fickes was accused of molesting his wife's eight-year-old niece, who was spending the night with the Fickes family on the night of June 18-19, 1984. The next morning, the child told her 11-year-old cousin, Fickes' step-daughter, who had been asleep on an adjacent mattress at the time the abuse allegedly took place. Eventually the victim's mother found out, and she contacted the police. The victim was examined by a doctor who reported that the irritation of the child's vagina was consistent with her account of the abuse.
Fickes was arrested on June 20, 1984. He was convicted by a 12-person jury of aggravated crime against nature, a violation of LSA-R.S. 14:89.1, and was sentenced to ten years at hard labor.
Fickes assigns three errors:
1. The trial judge erred in not granting his pretrial motion for a change of venue in light of the prejudicial climate in Vermilion Parish resulting from widespread publicity of another unrelated child molestation proceeding.
2. The State failed to prove the age of the victim, an essential element of the crime, by the best evidence.
3. He was inadequately represented by counsel at the trial of this case, thus denying him a fair trial and violating his constitutional right to due process of law.

ASSIGNMENT 1
Fickes argues that because of the highly publicized proceedings against Father Gilbert Gauthe, a Catholic priest in Vermilion Parish accused of molesting a large number of children, it was impossible for a defendant charged with a similar offense to receive a fair trial in that area.
The grant or denial of a motion for change of venue rests within the sound discretion of the trial judge, and his ruling denying the motion will not be disturbed *394 unless the evidence affirmatively shows that the ruling was erroneous and an abuse of judicial discretion. State v. de la Beckwith, 344 So.2d 360 (La.1977).
LSA-C.Cr.P. art. 622 provides:
"A change of venue shall be granted when the applicant proves that by reason of prejudice existing in the public mind or because of undue influence, or that for any other reason, a fair and impartial trial cannot be obtained in the parish where the prosecution is pending.
"In deciding whether to grant a change of venue the court shall consider whether the prejudice, the influence, or the other reasons are such that they will affect the answers of jurors on the voir dire examination or the testimony of witnesses at the trial."
The Supreme Court in de la Beckwith, supra, at page 368 stated:
"To warrant a change of venue, the burden is upon the accused to establish that he cannot obtain a fair trial in the parish where the prosecution is pending. Article 622 requires a showing of more than mere knowledge by the public of facts surrounding the offense. It requires, in addition, proof of such prejudice in the public mind that a fair and impartial trial cannot be obtained in the parish."
(Citations omitted)
We find no abuse of discretion by the trial court in the denial of a change of venue. During voir dire the jurors were questioned carefully by the judge and by counsel about the publicity surrounding the Gauthe case, and each one responded that he or she could be fair and impartial to Fickes. Defense counsel did not use a single challenge. Only one juror had read about Fickes' case in a local newspaper, and he felt his exposure to that information would not influence his decision. We find no evidence that knowledge of the Gauthe case made it impossible for the jury to judge Fickes impartially.
In his brief Fickes argues that certain pretrial publicity created by his sister, a Florida senator, prejudiced him. The record contains no evidence of the sister's statements, and therefore we cannot now consider them. In any case, the jury apparently was unaware of her comments, as only one juror stated that he had read anything about Fickes before trial.

ASSIGNMENT 2
Fickes contends that since the age of the victim is an essential element of the crime of which he was accused, the State was bound to prove it by the best evidence. Both the victim and mother testified at trial that the child was eight years old at the time of the offense. Fickes challenges this testimony as hearsay, and argues that the child's birth certificate should have been presented.
No best evidence objection was made at trial. Therefore, the issue cannot be raised on appeal. State v. Green, 448 So.2d 782 (La.App.2d Cir.1984). Similarly, the defendant failed to object to the alleged hearsay testimony of the victim and her mother at the time it was elicited. He cannot avail himself of that error now. LSA-C.Cr.P. art. 841.
Even if the objections had been made timely, Fickes would not have been aided. LSA-R.S. 15:430.1 provides:
"The testimony of a witness (otherwise deemed competent to testify) as to his or her own age, shall be admissible into evidence in all criminal prosecutions where it is necessary to prove the age of such person. However, such testimony shall be subject to rebuttal by competent evidence to the contrary. If no such evidence is presented, the court or the jury, as the case may be, may conclude that the original testimony of the witness as to his or her own age is sufficient. This section is declared to be an exception to the hearsay evidence rule."
Fickes presented no evidence to rebut the victim's statement that she was eight years old at the time of the offense. Under the above section, the child's testimony would not be excluded as hearsay, and is sufficient to establish her age.

*395 ASSIGNMENT 3
Fickes complains that his counsel at trial was ineffective. While this issue is normally relegated to post conviction relief applications, we will address it for reasons of judicial economy. State v. Burkhalter, 428 So.2d 449 (La.1983); State v. Keleman, 444 So.2d 1328 (La.App. 2d Cir.1984), writs denied, 447 So.2d 1069 (La.1984).
Fickes alleges that his counsel was ineffective in that the attorney failed to introduce evidence of national publicity arising from Fickes' sister's public condemnation of Fickes' conduct. He asserts that if this evidence had been introduced, his request for a change of venue would have been granted. He also cites the attorney's failure to challenge any of the jurors as evidence of ineffectiveness.
To show ineffective assistance of counsel, the defendant must demonstrate that his counsel did not meet the level of competency normally demanded in criminal cases. State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983). Effective assistance of counsel does not mean errorless counsel, or counsel which may be judged ineffective only on hindsight, but counsel reasonably likely to render and actually rendering reasonably effective assistance. See State ex rel. Graffagnino, supra, and cases cited therein.
Fickes' trial attorney made motions for continuance, for discovery, for prior statements by witnesses and for a change of venue. He cross-examined all of the State's witnesses and called six witnesses on Fickes' behalf. He tried to establish that the defendant was a steadily employed man of good character, and that the charges against Fickes were fabricated by Fickes' wife because Fickes had threatened to leave her.
Defense counsel evidently made a tactical decision not to raise the issue of Fickes' sister's public condemnation. There is no evidence that the jurors were aware of her comments. The jurors were questioned by both Fickes' attorney and the court regarding their ability to be impartial. A transcript of the voir dire proceedings is contained in the record, and it reveals no reason for defense counsel to have challenged any of the jurors. Fickes has not demonstrated that his trial attorney did not meet the level of competency normally demanded in criminal cases.

CONCLUSION
The defendant's assignments of error lack merit. We affirm the verdict of the jury.
AFFIRMED.