NOT FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1242

STATE OF LOUISIANA

VERSUS

LARRY ALLEN CREAMER

**********
APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 62332 A
HONORABLE ROBERT E. BURGESS, PRESIDING
**********

SYLVIA R. COOKS
JUDGE

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir and Michael G. Sullivan, Judges.

AFFIRMED, AS AMENDED.

Don M. Burkett, District Attorney
Anna L. Garcie, Assistant District Attorney
P.O. Box 1557
Many, LA 71449
(318) 256-6246
COUNSEL FOR APPELLEE:
      State of Louisiana

Paula C. Marx
Louisiana Appellate Project
P.O. Box 80006
Lafayette, LA  70598-0006
(337) 991-9757
COUNSEL FOR DEFENDANT-APPELLANT:
      Larry Allen Creamer

**COOKS, Judge.**

On August 5, 2006, a one vehicle crash occurred on Highway 174 in which the guest passenger of the vehicle, Christina Potts, was partially ejected from the vehicle and pronounced dead at the scene. The driver of the vehicle was Defendant, Larry Allen Creamer. Defendant indicated to state troopers he had previously consumed anywhere from three to six 12-ounce beers at a bar in Leesville. He was asked to take a standard field sobriety test. He took the horizontal gaze nystagmus and one-leg test. He failed both tests. He was then placed in the backseat of the trooper's vehicle. He registered a 0.085 gram percent blood alcohol content on the Intoxilyzer.

Defendant was charged with vehicular homicide. He eventually entered into a plea agreement wherein he pled guilty to the reduced charge of negligent homicide, in violation of La.R.S. 14:32. At his sentencing hearing, Defendant was ordered to serve three years at hard labor, to complete a Department of Corrections approved and sanctioned substance abuse rehabilitation program prior to release, and was given credit for time served. Defendant now appeals his sentence as excessive.

### ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find one error patent regarding the sentence.

During the sentencing proceeding, the trial court ordered Defendant to complete a substance abuse rehabilitation program prior to his release from the Department of Corrections. Under La.R.S. 14:32(C), the penalty for negligent homicide is imprisonment, with or without hard labor, for not more than five years, or a fine of not more than $5,000.00, or both. The statute does not provide for participation in a substance abuse program as part of the penalty. Additionally, we

are unable to find any statute authorizing the imposition of such a condition when the defendant is not placed on probation.

In *State v. Gregrich,* 99-178 (La.App. 3 Cir. 10/13/99), 745 So.2d 694, the defendant pled guilty to negligent homicide and first offense DWI. As part of the principal sentence, the trial court ordered the defendant to participate in substance abuse evaluations. This court found this portion of the sentence was illegal since neither the penalty provision of negligent homicide, nor first offense DWI, allowed the trial court to require participation in a substance abuse program. Additionally, this court noted the defendant was not placed on probation. As a result, we amended the sentence to delete that portion requiring participation in a substance abuse evaluation.

Thus, we must amend the sentence imposed by the trial court to delete the requirement of participation in a substance abuse rehabilitation program. The district court is instructed to make an entry in the minutes reflecting this amendment.

## ASSIGNMENT OF ERROR NO. 1

Defendant contends the trial court failed to comply with the mandates of La.Code Crim.P. art. 894.1 in particularizing the sentence in this case and its sentence of three years at hard labor for a first offender was excessive. Defendant asserts that substance abuse treatment and rehabilitation alone, a less onerous period of incarceration, or probation with mandatory rehabilitation would be a more appropriate penalty.

This court has used the following standard for determining whether a district court adequately set forth the basis for its decision:

> The trial court must state for the record the considerations taken into account and the factual basis for the sentence. La.Code Crim.P. art. 894.1(C). Although the trial court need not refer to every factor listed in Article 894.1(A), the record should affirmatively reflect that adequate

consideration was given to codal guidelines in particularizing the defendant's sentence. Yet, when the trial court fails to adequately address the factors of La.Code Crim.P. art. 894.1, "the trial court's reasoning alone will not necessitate the need for re-sentencing as long as an adequate factual basis is found within the record."

The trial court may also consider other factors not provided by La.Code Crim.P. art. 894.1. Specifically, when the offense to which the defendant has pled guilty inadequately describes the entire course of the defendant's conduct, the court may consider the benefit obtained by the defendant through the plea bargain. The trial court should particularly make such considerations where the plea bargain results in a significant reduction in the defendant's potential exposure to imprisonment. In addition, the trial court may consider other criminal activity which did not result in a conviction.

*State v. Williams*, 02-707, pp. 8-9 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095, 1100-01

(citations omitted).

The sentencing court issued the following reasons for imposing the three-year

sentence:

THE COURT: In this case, let me start off by [stating] something Mr. Creamer obviously knows that not any sentence he can serve, not anything he can do, not anything this court can do, will make society or [the] families of the of these parties - that is your family and the family of the decedent - whole in any way, shape or form or fashion. Sentencing in this kind of situation, at best, is a very poor remedy for the harm that's been inflicted, both on you and the victim's family. I think you recognize that and I think everyone who has spoken in this case, through either direct contact with the probation officer or through victim impact statements, and I've reviewed all of these. First, at the outset, I know that you pled down from vehicular negligent homicide which carries with it a five to 30 year hard labor sentence and a fine to negligent homicide which carries zero to five and a fine. Significant benefit from the plea bargain. I have looked at the mitigating factors of Code of Criminal Procedure Article 894.1 and the aggravating factors. I'll begin with the aggravating factors. Anytime you take the wheel of a vehicle with a number of occupants, not only to those occupants and yourself but to the motoring public, there is a risk of death or great bodily harm when you operate that vehicle under those circumstances under the influence of alcohol. Clearly, when someone is killed, the offense results in irreparable loss to the victim and her family. I'm going to ask you to explain something, because I want to hear it from your own mouth. Is it true that this is not the only person that you knew or were close to or friends with that either directly or indirectly has died as a result of your drinking? Was there not a prior incident to this one?

THE DEFENDANT: No sir, it was his -

THE COURT: Why were you off the side of the road?

THE DEFENDANT: My rear end had come loose.

THE COURT: And you hadn't been drinking?

THE DEFENDANT: No sir.

THE COURT: Okay. Well, I wanted to clarify that because there was some information floating around in that regard. There was no charge so I wanted to make sure there wasn't any confusion in that point. You are 28 years of age and I can't always compare either you, my children or anyone else to what I and other people have done in their lives. But I was astounded by what I considered to be a lack of steady employment in your life. Is that true?

THE DEFENDANT: Yes sir. I always seem to find a job that the money's better but it don't last. The grass is always greener on the other side.

THE COURT: I noted that and somehow I don't necessarily think that. I think that might be just from a lack of what I tell my children is want to and follow through. You want something, you have to follow through to get it. You are relatively young. While you do not have an insignificant or a significant criminal history, I should say, looking at it in another way, it's not totally insignificant either. Back in 1998, you received a tremendous plea bargain from simple burglary of an inhabited dwelling to illegal possession of stolen things, theft, for which you received a probated sentence and you satisfactorily completed it. While I do not think that you in any way, shape, form or fashion intended the consequences, I cannot ignore the fact that your callous disregard for the safety of yourself and others, to me, mandates any sentence lesser than the one imposed of incarceration would deprecate the seriousness of this offense. Consequently, the sentence of the Court is you be confined to the Louisiana Department of Corrections at hard labor for a period of three years. You are given credit for time served. You are advised you have two years to apply for post conviction relief. And I do advise you, on the record, that your sentence, if eligible through the Department of Corrections, is subject to diminution of sentence for good behavior. Also, as a part of that sentence, I do mandate that he complete a Department of Corrections approved and sanctioned substance abuse rehabilitation program.

We find the sentencing court's reasons for ruling comply with La.Code Crim.P. art. 894.1(C), which requires the sentencing "court shall state for the record the considerations taken into account and the factual basis therefor in imposing

-4-

sentence." The sentencing court's reasons show that it considered the La.Code Crim.P. art. 894.1(A) and (B) factors as well as the benefit Defendant received from his plea bargain. Thus, the record affirmatively reflects the sentencing court gave adequate consideration to the codal guidelines in particularizing Defendant's sentence.

Defendant also complains that his three-year hard labor sentence is excessive. The supreme court has determined that the standard for reviewing excessive sentence claims is abuse of discretion:

> The trial judge is given a wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion.

*State v. Williams*, 03-3514, p. 14 (La. 12/13/04), 893 So.2d 7, 16-17 (citations omitted).

> A sentence which falls within the statutory limits may be excessive under certain circumstances. To constitute an excessive sentence, this Court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and[,] therefore, is nothing more than the needless imposition of pain and suffering. The trial judge has broad discretion, and a reviewing court may not set sentences aside absent a manifest abuse of discretion.

*State v. Guzman*, 99-1753, p. 15 (La. 5/16/00), 769 So.2d 1158, 1167.

In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, this court discussed the factors it would consider in order to determine whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals:

> In deciding whether a sentence is shocking or makes no

meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

(citations omitted).

The statutory sentencing range for negligent homicide allows the trial court to impose a sentence up to five years with or without hard labor. La.R.S. 14:32. As an alternative to incarceration or in addition to incarceration, the sentencing court is also allowed to impose a fine up to one thousand dollars. La.R.S. 14:32. Thus, Defendant's three-year hard labor sentence falls within the statutory guidelines for negligent homicide.

Defendant was originally charged with vehicular homicide, in violation of La.R.S. 14:32.1. The penalty for vehicular homicide contains both a mandatory fine and a mandatory period of incarceration. *Id*. The fine imposed for vehicular homicide may not be less than two thousand dollars nor more than fifteen thousand dollars. *Id*. The period of incarceration for vehicular homicide may be served with or without hard labor, and it may not be less than five years nor more than thirty years. *Id*. At least three years of a sentence imposed for vehicular homicide must be served without benefit of probation, parole, or suspension of sentence. *Id*. Therefore, as stated by the trial court, Defendant received a significant sentencing benefit from his plea agreement.

In a negligent homicide case, *State v. Hughes*, 03-420 (La.App. 3 Cir. 12/31/03), 865 So.2d 853, *writ denied*, 04-663 (La. 9/24/04), 882 So.2d 1165, the

defendant complained that the imposition of the maximum sentence, five years without a fine, constituted an excessive sentence. The defendant had been driving at around 110 miles per hour when she struck a truck, killing the driver of the truck; no alcohol was involved in the incident. The defendant expressed extreme remorse, asked the victim's family for forgiveness, and visited the cross placed at the accident site. The defendant had four children, a record of employment, and no prior criminal offenses. This court affirmed the defendant's sentence.

In *State v. Wry*, 591 So.2d 774, 783 (La.App. 2 Cir. 1991), the second circuit affirmed the maximum five-year sentence for a defendant who had originally been charged with vehicular homicide but was allowed to plead guilty to negligent homicide. Wry, a former truck driver, had been taking Xanax for stress; his doctor had instructed him to not consume alcohol with the prescription. The defendant became intoxicated with alcoholic beverages and drove his eighteen-wheeler at a high rate of speed and without headlights south in the northbound lane of a local highway. Wry forced several vehicles off the roadway before striking a vehicle head on and killing its occupant. The sentencing court found that the defendant had maintained steady employment, that he had a wife and children, that he was remorseful, and that he had joined Alcoholics Anonymous and attended meetings every night. The district court also noted that, as a cross-country truck driver, Wry had been aware of the dangers of mixing drugs with alcohol and that Wry had received a sentencing benefit from his plea bargain. The second circuit further found that Wry was a first felony offender.

The supreme court has affirmed two maximum sentences for negligent homicide stemming from an incident wherein an intoxicated driver struck and killed two people on a motorcycle with his truck. *State v. Pelt*, 448 So.2d 1294, 1296-97

(La.), *cert. denied*, 469 U.S. 825, 105 S.Ct. 104 (1984). The driver had a history of DWI and traffic offenses, including an earlier arrest for an automobile accident resulting in the death of a child. *Id.* at 1300-01.

Based on the jurisprudence cited above and the factors stated by the sentencing court, including the significant sentencing benefit Defendant received from his plea bargain, we cannot say the trial court abused its vast discretion in ordering Defendant to serve three years at hard labor.

Accordingly, this assignment of error is without merit.

## ASSIGNMENT OF ERROR NO. 2

Defendant argues his trial counsel "rendered ineffective assistance of counsel for failing to file a motion to reconsider the sentence in this case." Defendant alleges he informed his trial attorney that he wished to appeal his sentence, and even though defense counsel filed a motion for appeal, his counsel failed to file a motion to reconsider sentence. Defendant contends his ineffective assistance of counsel claim should be reviewed on appeal because there is sufficient information for the reviewing court to rule on the merits of his claim. Defendant maintains that a holding of excessiveness or that there is insufficient evidence in the record to review Defendant's sentence should result in a finding that Defendant's trial counsel was ineffective. Defendant asks this court to vacate his sentence and remand the matter for further proceedings.

This court has previously discussed the standard for reviewing ineffective assistance of counsel claims:

> The right of a defendant in a criminal proceeding to the effective assistance of counsel is constitutionally mandated by the Sixth Amendment of the U.S. Constitution. In order to prove that counsel was ineffective, the defendant must meet the two-pronged test enunciated by the Supreme Court. First, the defendant must show that counsel's performance was deficient. Second, the defendant must show that this

-8-

deficiency prejudiced the outcome of the trial. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Brooks*, 505 So.2d 714 (La.1987), *cert. denied*, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987). To establish a claim of ineffective assistance of counsel, a defendant must demonstrate that his defense attorney failed to meet the level of competency normally demanded of attorneys in criminal cases. *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Fickes*, 497 So.2d 392 (La.App. 3 Cir.1986), *writ denied*, 515 So.2d 1105 (La.1987).

In considering allegations of ineffectiveness, defense attorneys are entitled to a strong presumption that their conduct fell within the broad range of reasonable professional assistance. The United States Supreme Court has held that the benchmark for judging a charge of ineffectiveness is whether the attorney's conduct so undermined the proper functioning of the adversarial process that the trial cannot be considered to have produced a just result. *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); *Strickland*, 466 U.S. 668, 104 S.Ct. 2052.

It is not enough for an accused to make allegations of ineffectiveness; the accused must couple these allegations with a specific showing of prejudice. *State v. Brogan*, 453 So.2d 325 (La.App. 3 Cir.), *writ denied*, 457 So.2d 1200 (La.1984). A claim of ineffective assistance of counsel may be disposed of based upon a failure to satisfy either criteria of the established two-pronged test; if the accused's claim fails to satisfy one, the reviewing court need not address the other. *State v. James*, 555 So.2d 519 (La.App. 4 Cir.1989), *writ denied*, 559 So.2d 1374 (La.1990). A brief review of the defendant's complaints against his attorneys will demonstrate the deficiency of his arguments.

*State v. James*, 95-962, pp. 4-5 (La.App. 3 Cir. 2/14/96), 670 So.2d 461, 465.

Moreover, "[i]t is not sufficient for the defendant to show the error had some conceivable effect on the outcome of the proceedings. Rather, he must show that but for counsel's unprofessional errors, there is a reasonable probability the outcome of the trial would have been different." *State v. Jones*, 33,657, p. 11 (La.App. 2 Cir. 8/23/00), 765 So.2d 1191, 1199, *writ denied,* 00-2779 (La. 6/29/01), 794 So.2d 825.

Defendant fails to raise or brief any issue other than general excessiveness and a failure to adequately comply with La.Code Crim.P. art. 894.1 as a basis for the motion to reconsider sentence. As discussed above, those claims are without merit. Although we recognize that the sentencing provision requiring Defendant to complete

a rehabilitation program is an error patent, Defendant does not complain about the imposition of that requirement in either assignment of error contained in his appellate brief. Therefore, Defendant fails to demonstrate that his trial counsel's failure to file a motion to reconsider sentence constituted a deficient performance or, within a reasonable probability, would have resulted in Defendant receiving a less stringent sentence. Accordingly, this assignment of error is without merit.

**DECREE**

For the foregoing reasons, Defendant's sentence is affirmed, as amended, to delete that portion requiring participation in a substance abuse rehabilitation program. The district court is ordered to make an entry in the minutes reflecting the amendment.

**AFFIRMED, AS AMENDED.**