# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-36

**STATE OF LOUISIANA**

**VERSUS**

**MARK A. GRIFFIN**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 15982-08
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## SHANNON J. GREMILLION
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion, and David E. Chatelain,[*] Judges.

**AFFIRMED.**

**John Foster DeRosier**
**14th Judicial District Court**
**District Attorney**
**P. O. Box 3206**
**Lake Charles, LA 70602-3206**
**(337) 437-3400**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**G. Paul Marx**
**Attorney at Law**
**P. O. Box 82389**
**Lafayette, LA 70598-2389**
**(337) 237-2537**
**Counsel for Defendant/Appellant:**
**Mark A. Griffin**

---

[*] Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**GREMILLION, Judge.**

Defendant, Mark A. Griffin, was charged by bill of information with distribution of cocaine, a violation of La.R.S. 40:967. Defendant pled guilty to the charge in exchange for the dismissal of three pending charges of distribution of a Schedule II substance.

At the time of the plea the State established that on February 13, 2008, Defendant sold approximately one-half ounce of crack cocaine to an undercover officer. The transaction took place in a vehicle belonging to Defendant's family. Defendant was positively identified on audio and visual tapes as the person involved in the sale.

Defendant was then sentenced to fifteen years at hard labor, the first two without benefit of probation, parole, or suspension of sentence. Defendant is now before this court on appeal, setting forth two assignments of error involving his sentence and the effectiveness of defense counsel at sentencing. We affirm.

### ASSIGNMENT OF ERROR NUMBER ONE

In his first assignment of error, Defendant argues that the trial court erred in immediately imposing sentence without a substantial factual basis upon which to determine his sentence. Defendant does not object to the lack of a sentencing delay as required by La.Code Crim.P. art. 873, nor does Defendant claim that his sentence is excessive. Defendant simply maintains that, without any facts beyond the essential facts set forth at the time of his guilty plea, the trial court could not comply with the law in imposing sentence. Defendant asserts that the trial court had no background facts other than the offense conduct and evidence of a prior conviction when it

1

imposed sentence. As such, Defendant concludes that, without any facts offered into evidence, he did not receive a fair hearing on the issue of sentencing.

Moreover, Defendant was sentenced for the offense without benefit of a presentence investigation report (PSI) or any other documented evidence, other than testimony of Defendant or his counsel. However, in sentencing Defendant, the trial court considered the mitigating and aggravating factors set forth in La.Code Crim.P. art. 894.1, as follows:

THE COURT:

All right. Anytime the Court considers sentencing someone, it's required to review Article 894.1 of the Code of Criminal Procedure.

Section 1 says: Is there an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime?

The Court notes that he is a second-time offender, the other offense being Attempted Distribution, whether that was the negotiated plea or -- the entirety of the offense report does not have that information. However, the fact that he's returned back to the same type of activity shows that that must be answered in the affirmative.

Further, is the defendant in need of correctional treatment or a custodial environment that can be provided most effectively by commitment to an institution?

Again, the Legislature has dictated that there be mandatory jail time associated with this offense, as evidenced by the two years without benefit of probation, parole, or suspension.

The Court answers that in the affirmative.

Would a lesser sentence deprecate the seriousness of the defendant's crime?

Based on the colloquy here today, it is noted that the defendant had a prior substance abuse charge. The defendant had an opportunity for probation, and that probation was revoked. He did indicate he had done well on parole. But then he's admitted that he had no drug substance abuse problems, but yet did admit here to dealing drugs.

2

The Court finds that a lesser sentence other than some incarceration would deprecate the seriousness of the defendant's offense.

It's also noted that there was [sic] a number of other charges that was [sic] given consideration by the State in dismissing various distribution charges.

In reviewing aggravating and mitigating circumstances, the Court would find that -- would find that the offender would have known most of his victims would be vulnerable to offenses because of their addictions and the purchase of drugs. That he's offered or given -- or something -- received something for the commission of the offense. Again, part of the distribution type of offense.

It's noted that it is a substance abuse offense. The Court would find that this offense results generally in significant permanent injury to those that are victims or recipients of distribution charges, but the State being the primary victim in this matter.

It's noted that the offense involved multiple incidents for which separate sentences have not been imposed but have been indicated it's dismissed. And then the prior that was not part of a multiple offender adjudication also indicates substance abuse distribution issues.

Another aggravating circumstance would be the probation failure in the past.

In looking at mitigating circumstances, it's noted that a history of delinquency or criminal activity and led a law-abiding life would be more aggravating than mitigating.

Are they likely to result in circumstances unlikely to reoccur?

Again, noting the totality of the charges and the history of the defendant, more aggravating than mitigating.

Next, the trial court ascertained that Defendant was not married, but had two children whom he supported when he was working. The trial court then noted that imprisonment would entail a hardship on Defendant's children. However, in the trial court's opinion, the fact that Defendant's income was derived from selling drugs cancelled out the hardship. If Defendant had a more appropriate livelihood, the trial court believed that his dependants would endure a hardship. Lastly, the trial court

3

confirmed that Defendant had not participated in any pre-trial drug testing programs since he was incarcerated.

After sentence was imposed, counsel for Defendant asked the trial court to reduce the sentence to possibly ten years to give Defendant an opportunity to salvage what he could of his life. The trial court felt, however, that Defendant had been given such a chance with his first conviction. The trial court also stated that nothing had been offered to show that Defendant was ready to return to society or that he could do anything other than supply drugs to people with addictions. The trial court added that Defendant needed to understand that there are consequences for what he has done, noting again that the Defendant is a second offender, and received only one-half of the maximum thirty-year sentence.

In the instant case, the trial court, in sentencing Defendant, expressly referred to the guidelines of La.Code Crim.P. art. 894.1, applying the facts ascertained at the time of Defendant's guilty plea and sentencing as discussed herein. Also, Defendant does not set forth any specific facts not properly considered by the trial court in sentencing Defendant. In light of the trial court's thorough consideration of the mitigating and aggravating circumstances revealed at the time of Defendant's guilty plea and sentencing, we find no merit in Defendant's argument.

**ASSIGNMENT OF ERROR NUMBER TWO**

In his final assignment of error, Defendant argues that defense counsel was ineffective for failing to offer any evidence in mitigation or to move for a PSI. Usually, ineffective assistance of counsel claims raised on appeal are relegated to post-conviction relief, but in the interest of judicial economy, we choose to resolve the issue here. *State v. Lee*, 08-456 (La.App. 3 Cir. 11/5/08), 996 So.2d 1217.

4

This court has held that ineffective assistance of counsel claims must meet two separate criteria to have merit:

> The right of a defendant in a criminal proceeding to the effective assistance of counsel is constitutionally mandated by the Sixth Amendment of the U.S. Constitution. In order to prove that counsel was ineffective, the defendant must meet the two-pronged test enunciated by the Supreme Court. First, the defendant must show that counsel's performance was deficient. Second, the defendant must show that this deficiency prejudiced the outcome of the trial. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Brooks*, 505 So.2d 714 (La.1987), *cert. denied,* 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987). To establish a claim of ineffective assistance of counsel, a defendant must demonstrate that his defense attorney failed to meet the level of competency normally demanded of attorneys in criminal cases. *State ex rel. Graffagnino v. King,* 436 So.2d 559 (La.1983); *State v. Fickes*, 497 So.2d 392 (La.App. 3 Cir. 1986), *writ denied*, 515 So.2d 1105 (La.1987).

*State v. James*, 95-962, pp. 4-5 (La.App. 3 Cir. 2/14/96), 670 So.2d 461, 465.

Defendant claims that his trial attorney should have offered evidence in mitigation at sentencing, such as witness testimony, a document from his record, or a social history; or alternatively, moved for a PSI. Defendant, however, does not specify any particular fact or piece of evidence that defense counsel should have presented at sentencing. As such, Defendant has not shown how defense counsel's performance was deficient. Thus, Defendant has not satisfied the first prong of the *Strickland* test. Additionally, Defendant does not claim that a PSI would, in fact, contain mitigating evidence and concedes that the trial court is not always required to order a PSI. This assignment of error lacks merit.

## DECREE

Defendant's sentence is affirmed.

**AFFIRMED.**

5