COURT OF APPEAL, THIRD CIRCUIT
KA 08-1262

STATE OF LOUISIANA

VERSUS

ANTHONY A. TAPP

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 06K3102A
HONORABLE JAMES PAUL DOHERTY,  JR., DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, J. David Painter, and
Shannon J. Gremillion, Judges.

**AFFIRMED IN PART AND REMANDED FOR PROCEEDINGS
CONSISTENT WITH THIS OPINION.**

 Paula Corley Marx
**Louisiana Appellate Project**
**P. O. Box 80006**
**Lafayette, LA 70598-0006**
**(337) 991-9757**
**Counsel for Defendant/Appellant:**
**Anthony A. Tapp**

**Earl B. Taylor**
**District Attorney, 27th J.D.C.**
**P. O. Drawer 1968**
**Opelousas, LA 70571-1968**
**(337) 948-3041**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**Jennifer Ardoin**
**Assistant District Attorney**
**P. O. Drawer 1968**
**Opelousas, LA 70571**
**(337) 948-0551**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**GREMILLION, Judge.**

The Defendant, Anthony A. Tapp, was charged by bill of information filed on August 10, 2006, as a principal to armed robbery, a violation of La.R.S. 14:64 and 14:24. He entered a not guilty plea on September 1, 2006.

Counsel for Defendant filed a number of motions, including a motion to suppress. In a joint stipulation, the parties acknowledged satisfaction of all motions, excluding the motion to suppress. The motion to suppress sought exclusion of any statements made by Defendant while in custody, and suppression of any evidence obtained via police lineup. The trial court denied the motion to suppress on September 28, 2006, stating: "Motion fails to allege facts as required by L. Cr. P. Art. 703(E)(1)for evidentiary hearing. (*See State v. Washington*, 727 So.2d 673)."

Trial commenced on January 9, 2008, with jury selection, but was continued on the merits until January 31, 2008. Defendant was found guilty of armed robbery by the jury on January 31, 2008. On July 3, 2008, the court sentenced Defendant to twenty years at hard labor, without the benefit of parole, probation, or suspension of sentence. An oral motion to appeal was granted.

Defendant filed a motion to reconsider sentence on July 14, 2008, which was denied on August 1, 2008. Defendant now assigns as error: (1) the trial court's denial of the motion to suppress; and (2) alternatively, that counsel was ineffective in failing to allege necessary facts in support of the motion to suppress which would have required a hearing on the motion. We note that we have reviewed the record and find no errors patent. We move, then, to the assignments of error.

1

**MOTION TO SUPPRESS**

Defendant argues that *State v. Washington*, 98-69 (La.App. 5 Cir. 1/26/99), 727 So.2d 673, does not support the trial court's denial of an evidentiary hearing on the motion to suppress.

Louisiana Code of Criminal Procedure Article 703(E)(1) provides:

> An evidentiary hearing on a motion to suppress shall be held only when the defendant alleges facts that would require the granting of relief. The state may file an answer to the motion. The defendant may testify in support of a motion to suppress without being subject to examination on other matters. The defendant's testimony cannot be used by the state except for the purpose of attacking the credibility of the defendant's testimony at the trial on the merits.

Defendant acknowledges application of this article and the requirement of allegations of fact in support thereof; however, he argues that the facts in *Washington*, were improperly applied by the trial court. His argument is that a motion to suppress was set for hearing in that case, and that the defense counsel waived the hearing after accepting the state's argument that no motion to suppress was applicable. He urges that the court failed to give him an opportunity to waive the hearing.

In *Washington*, the court stated:

> We believe that defendant waived his right to have the motion to suppress considered. First, defendant did not allege facts in his motion to suppress as required by La.C.Cr.P. art. 703 E. Second, defendant indicated at the hearing that he was satisfied with the state's response to his motion to suppress. Finally, defendant proceeded to trial without raising any issue that he had an outstanding motion to suppress. *State v. Williams*, 97-1135 (La.App. 5 Cir. 5/27/98), 714 So.2d 258. Accordingly, we find no merit to defendant's first assignment of error.

*Washington,* 727 So.2d at 676.

Defendant does not argue that the facts alleged in the motion to suppress were sufficient to mandate a hearing pursuant to La.Code Crim.P. art. 703(E)(1), although he asserts that such facts existed. The motion only asserted:

2

1. Defendant is charged with the offense of Armed Robbery[;]

2. The Defendant further alleges that he anticipates that any statements he has made while in Police custody will be offered as evidence against him at any trial[;]

3. Defendant further alleges that he anticipates that any evidence as a result of a Police Lineup will be offered as evidence against him at any trial.

Louisiana Code of Criminal Procedure Article 703 provides that a party may move for suppression of evidence on the ground that it was unconstitutionally obtained, and may move to suppress any statement made by him on any constitutional ground. The motion to suppress did not allege any constitutional issues, and a hearing was, therefore, not required. This assignment of error is without merit.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant next asserts ineffective assistance of counsel due to counsel's failure to urge sufficient facts in the motion to suppress to require a hearing. In *State v. Smith*, 07-468, pp. 8-9 (La.App. 3 Cir. 10/31/07), 969 So.2d 694, 700, *writ denied*, 07-2484 (La. 5/16/08), 980 So.2d 707, this court stated:

> This court considered a similar issue in *State v. Prudhomme*, 02-511, p. 16 (La.App. 3 Cir. 10/30/02), 829 So.2d 1166, 1177, *writ denied*, 02-3230 (La. 10/10/03), 855 So.2d 324, stating:
>
>> Failure to file a motion to reconsider the sentence does not necessarily constitute ineffective assistance of counsel. *State v. Texada*, 98-1647 (La.App. 3 Cir. 5/5/99); 734 So.2d 854. Nevertheless, the defendant may have a basis to claim ineffective assistance of counsel when he can show a reasonable probability, but for defense counsel's error, his sentence would have been different. *Id*. Furthermore, in *State v. Francis*, 99-208 (La.App. 3 Cir. 10/6/99); 748 So.2d 484, *writ denied*, 00-0544 (La. 11/13/00); 773 So.2d 156, this court stated:
>>
>>> A claim of ineffective assistance of counsel is properly raised in an application for post conviction relief. This allows the trial judge an opportunity to order a full

3

evidentiary hearing on the matter. *State v. Burkhalter*, 428 So.2d 449 (La.1983). However, where the record contains evidence sufficient to decide the issue and the issue is raised by an assignment of error on appeal, it may be considered. *State v. James*, 95-962 (La.App. 3 Cir. 2/14/96); 670 So.2d 461.

The court in *Smith*, 969 So.2d at 703, favorably cited *State v. Smith*, 06-820 (La.App. 1 Cir. 12/28/06), 952 So.2d 1, *writ denied*, 07-211 (La. 9/28/07), 964 So.2d 352. In that case, the court stated:

But the particular allegations of ineffective assistance of counsel alleged by the defendant herein cannot be sufficiently investigated from the inspection of the record alone. Each of these allegations (failure to object to the jury's review of written evidence during deliberations, failure to present evidence of the effects of alcohol or evidence of impairment, and the failure to object to jury instructions) may involve matters of trial preparation or strategy. It is well settled that decisions relating to investigation, preparation, and strategy require an evidentiary hearing and cannot possibly be reviewed on appeal. *See State v. Martin*, 607 So.2d 775, 788 (La.App. 1st Cir. 1992). Only in an evidentiary hearing in the district court, where the defendant could present evidence beyond that contained in the instant record, could these allegations be sufficiently investigated. Accordingly, these allegations are not subject to appellate review. *See State v. Albert*, 96-1991, p. 11 (La.App. 1st Cir. 6/20/97), 697 So.2d 1355, 1364.

*Id.* at 12 (footnote omitted).

We find that this assignment of error cannot be addressed on appeal and should be resolved in post-conviction proceedings. The only facts contained in the record, applicable to this issue, are that counsel did not allege sufficient facts to be entitled to a hearing, nor did she amend her motion to meet the statutory requirements.

The facts before us do not allow for a determination as to why counsel acted in this manner. It is possible that she felt that there were no facts which would support constitutional allegations which required a hearing, or was concerned that damaging facts might become known to the prosecution if the hearing took place. Of

4

course, proper proceedings could also demonstrate that counsel had no good reason for her omission. We simply cannot know based on the record before us.

## INSTRUCTIONS FOR THE TRIAL COURT

At the sentencing hearing, the trial court stated, in pertinent part: "This is a crime of violence; however, his sentence has not been enhanced. He may be entitled to diminution of sentence under the provisions of 15, Section 571.3. . . ." However, the minutes of sentencing reflect, in pertinent part: "The sentence was not enhanced. The defendant was allowed diminution of sentence." Thus, we order the trial court to amend the minutes of sentencing to accurately reflect the sentencing transcript.

## CONCLUSION

The first assignment of error is without merit. The second assignment of error cannot be resolved on the record before the court and should be addressed in post-conviction proceedings.

**AFFIRMED IN PART AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**