# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 09-890

STATE OF LOUISIANA

VERSUS

EDWARD L. CHRISTIEN

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 10125-07
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and Elizabeth A. Pickett, Judges.

**SENTENCE AFFIRMED; REMANDED FOR AN EVIDENTIARY
HEARING AND CONSIDERATION OF THE DEFENDANT'S
APPLICATION FOR POST-CONVICTION RELIEF.**


John F. DeRosier
District Attorney
Carla Sue Sigler
Assistant District Attorney
Post Office Box 3206
Lake Charles, LA   70602-3206
(337) 437-3400
COUNSEL FOR APPELLEE:
    State of Louisiana

Edward K. Bauman
Louisiana Appellate Project
Post Office Box 1641
Lake Charles, LA   70602-1641
(337) 491-0570
COUNSEL FOR DEFENDANT/APPELLANT:
    Edward L. Christien

**Edward L. Christien**
**AVC, Cajun 1, B-2**
**1630 Prison Road**
**Avoyelles, LA   71327**

AMY, Judge.

The defendant pled guilty to armed robbery and aggravated burglary. He was subsequently sentenced to twenty-five years imprisonment at hard labor without the benefit of probation, parole or suspension of sentence on the armed robbery charge and thirty years imprisonment at hard labor for the aggravated burglary charge to run concurrently with the armed robbery sentence. In addition, the trial court suspended five years of the aggravated burglary charge and, upon release from incarceration, placed the defendant on five years of supervised probation. On appeal, the defendant asserts that the trial court erred in denying his motion to reconsider sentence and that he was denied effective assistance of counsel. For the following reasons, we affirm the defendant's sentence and remand this case to the trial court for an evidentiary hearing.

## Factual and Procedural Background

The defendant, Edward L. Christien, and four other individuals entered the home of a Calcasieu Parish woman and held her at knife point while they proceeded to take several items from the home including weapons, jewelry, and electronics. The men then instructed the woman to place $500.00 in a potato chip bag and leave it at a specific intersection at a designated time the following day. The victim was also instructed that if she did not comply, the men would return to her home and harm her. The victim notified law enforcement who proceeded to place marked money at the scene as instructed. The following morning, the defendant was apprehended attempting to retrieve the money.

The defendant was subsequently charged by bill of indictment with armed robbery, extortion, contributing to the delinquency of a juvenile, and aggravated burglary, violations of La.R.S. 14:64, 14:66, 14:92, and 14:60, respectively. Pursuant

to a plea agreement, the defendant entered a guilty plea to armed robbery and aggravated burglary. The State dismissed the remaining charges. The parties also agreed to a recommended sentence of ten years on each charge to run concurrently.

On January 16, 2008, the defendant was sentenced to twenty-five years imprisonment at hard labor for the armed robbery conviction and thirty years imprisonment at hard labor for the aggravated burglary conviction, with the sentences to run concurrently. The trial court also suspended five years of the sentence, and ordered, that upon release, the defendant be placed on supervised probation with special conditions.

The defendant filed a motion to reconsider sentence which was denied on January 24, 2009. The defendant also applied for post-conviction relief, requesting: (1) an out-of-time appeal; (2) a court review of the record to determine whether he was denied effective assistance of counsel, and; (3) a withdrawal of his guilty plea. Following the application for post-conviction relief, the defendant was granted an out-of-time appeal. The other relief he requested in his post-conviction relief application - the ineffective assistance of counsel and withdrawal of his guilty plea - were determined by the trial court to be moot until the defendant exhausted his appeal rights.

On appeal, the defendant asserts that the trial court erred in denying his motion to reconsider sentence, resulting in sentences that are excessive in light of a number of mitigating circumstances. In a supplemental *pro se* brief, the defendant also contends that he received ineffective assistance of counsel as his attorney failed to object to what he contends was the State's breach of the plea agreement at the time of sentencing.

2

**Discussion**

*Excessiveness of Sentence*

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 [p.5] (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 [p. 3] (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

For his conviction of armed robbery, the defendant faced a sentence of ten to ninety-nine years at hard labor, to be served without benefit of parole, probation or suspension of sentence. La.R.S. 14:64(B). As such, the defendant's twenty-five year sentence was a lower range sentence for this offense. For aggravated burglary, the defendant faced a sentence of one to thirty years at hard labor, and thus, his thirty-year sentence was the maximum possible sentence for this offense. La. R.S. 14:60. The trial court, however, suspended five years and ordered the sentence to run concurrently with his sentence for armed robbery.

Additionally, the Defendant's sentencing exposure was greatly reduced by virtue of his plea agreement. Prior to his plea, he faced a sentence of one to fifteen

3

years at hard labor for extortion, La.R.S. 14:66, and two to ten years at hard labor for contribution to the delinquency of a juvenile. La.R.S. 14:92(E)(1).

After reviewing the record in the present case, we find that the defendant's sentences are not excessive. The defendant's twenty-five year sentence for armed robbery is in the lower range of allowable sentences for that crime. Although the defendant received the maximum sentence for aggravated burglary, five years were suspended and the sentence was ordered to run concurrently with his sentence for armed robbery. Lastly, as noted above, the defendant received a significant benefit from plea agreement. Accordingly, we find that the defendant's sentences should be affirmed.

*Ineffective Assistance of Counsel*

The defendant asserts that the State breached the plea agreement by failing to make the agreed upon sentencing recommendation to the trial court at the time of sentencing. He further argues that he was assured that the judge would accept this recommendation, and thus, was clearly induced to plead guilty by the representations of both the State and his counsel. He contends that his counsel's failure to object to the alleged breached plea agreement resulted in ineffective assistance of counsel.

A review of the record reflects that the State informed the trial court at the beginning of the guilty plea hearing that the defendant would be pleading guilty to armed robbery and aggravated burglary, and in exchange for his plea, the State would agree to dismiss the remaining charges and make a sentence recommendation. At the plea hearing, the trial court stated the maximum sentences allowable for each offense, and further stated:

4

THE COURT:

>   Just for some reason, to give you an idea, you could get up to 129 years, of which 99 would be without benefit of probation, parole, if you were to get the maximum sentence you could get. You understand that?

MR. CHRISTIEN:

>   Yes, sir.

THE COURT:

>   You accept that possibility?

MR. CHRISTIEN:

>   Yes, sir.

The trial court then inquired about the sentence recommendation and the parties responded as follows:

>   [THE STATE]
>   Yes, Your honor, ten years on each count, to run concurrent.

>   [COUNSEL FOR THE DEFENDANT]
>   That is the joint recommendation, Judge, and there's also a recommendation that [the defendant] is aware of, it's the minimum; he was hoping he could get something less, and I told him that's the minimum that's on the charge, if we resolve it today. And I know it's the mandatory minimum, Judge, and I ask you to accept that.

The State also indicated that the recommended sentence was also acceptable to the victim.

At the conclusion of the guilty plea hearing, the trial court ordered a Presentence Investigation Report, stating that it wanted to review the defendant's juvenile history and the victim's statement.

The defendant contends that the State breached the plea agreement at the sentencing hearing, by stating:

>   Your Honor, in this matter, in speaking with the victim on this matter before I agreed to the plea agreement that defense and I worked

5

out, she stated that as long as the defendant received ten years on both counts and where they ran concurrent or consecutive, whatever, that would satisfy her, but that was the minimum she would agree to, Your Honor. I think the only thing in these type cases, and I know the Court recognizes it, but sometimes we forget, is this woman was traumatized by what happened. And, regardless of whether the defendant's story that the son owed him money or not, the assault did not take place on the son. This was a very frightening situation where four people burst into this lady's house and, grant it, it was only a knife. She thought it was a gun that was in her back. She was forced to open a safe or give a combination to a safe and threatened with harm. And home invasions of this nature, Your honor, certainly should not be taken lightly.

I don't think he should do 50 years in prison or 60 years in prison, but ***I think he does need to do more than ten years personally***, ***or the State does.***

(Emphasis added.) The defendant contends that by failing to object to this statement, his counsel was ineffective. The defendant contends that this alleged breach of the plea agreement by the State implicates *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495 (1971), a case in which the United States Supreme Court spoke of the voluntariness of guilty pleas in light of plea agreements. In that case, the defendant negotiated a plea agreement with the State to plea guilty to a lesser included offense than the offense originally charged. In exchange, the State agreed to make no recommendation as to sentence to be imposed. The defendant entered a plea of guilty, and the sentencing was scheduled for a later date. At the sentencing, the State appeared and made a recommendation as to what sentence should be imposed. The *Santobello* court issued its reasons for remanding the case and stated as follows:

This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.

*Id* at 262; 499.

A claim for ineffective assistance of counsel is properly raised in an application for post-conviction relief because this allows the trial court to order a full evidentiary hearing on the matter. *State v. Burkhalter*, 428 So.2d 449 (La.1983). However, where the record contains sufficient evidence to decide the issue, and the issue is raised by an assignment of error on appeal, it may be considered by the appellate court. *State v. Tapp,* 08-1262 (La.App. 3 Cir. 4/1/09), 8 So.3d 804; *See also State v. James*, 95-962 (La.App. 3 Cir. 2/14/96), 670 So. 2d 461.

In the present case, the facts applicable to the issue of ineffective assistance of counsel, found in the defendant's application for post-conviction relief, are his allegations that his trial counsel "should have raised the prosecuting attorney's remarks to the sentencing judge violated [sic] his due pro[cess] rights and preserved the claim for review on appeal." The defendant also contends that the record clearly shows that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

In *State v. Tapp*, 8 So.3d at 807, the defendant alleged that his trial counsel was ineffective in failing to allege the necessary facts in support of a motion to suppress. The *Tapp* court found that the allegations should be resolved in post-conviction proceedings, citing *State v. Smith*, 06-820 (La.App. 1 Cir. 12/28/06), 952 So.2d 1, *writ denied*, 07-211 (La. 9/28/07), 964 So.2d 352, as follows:

> But the particular allegations of ineffective assistance of counsel alleged by the defendant herein cannot be sufficiently investigated from the inspection of the record alone. Each of these allegations (failure to object to the jury's review of written evidence during deliberations, failure to present evidence of the effects of alcohol or evidence of impairment, and the failure to object to jury instructions) may involve matters of trial preparation or strategy. It is well settled that decisions relating to investigation, preparation, and strategy require an evidentiary hearing and cannot possibly be reviewed on appeal. Only in an evidentiary hearing in the district court, where the defendant could

7

present evidence beyond that contained in the instant record, could these allegations be sufficiently investigated. Accordingly, these allegations are not subject to appellate review.

The *Tapp* court further explained:

The facts before us do not allow for a determination as to why counsel acted in this manner. It is possible that she felt that there were no facts which would support constitutional allegations which required a hearing, or was concerned that damaging facts might become known to the prosecution if the hearing took place. Of course, proper proceedings could also demonstrate that counsel had no good reason for her omission. We simply cannot know based on the record before us.

*Tapp*, 8 So.3d at 807.

Similar to the *Tapp* decision, we find that the particular allegations of ineffective assistance of counsel alleged by the defendant herein cannot be sufficiently investigated by a review of the record alone. In his post-conviction relief application, the defendant requested an evidentiary hearing to obtain the necessary facts to carry his burden of proving his ineffective assistance of counsel claims and to prove that he is entitled to withdraw his guilty plea. The State, in its answer to the defendant's post-conviction relief application, also requested an evidentiary hearing arguing that without a hearing, it is "impossible" to determine "what the understanding was between defense counsel and the defendant, if any, with regard to an appeal of his sentences." The Louisiana Supreme Court has explained the burden of proof necessary in cases, such as the case here, as follows:

In *Strickland*, the United States Supreme Court set out a two-prong test for proving ineffective assistance of counsel. *Strickland*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Under *Strickland*, for a defendant to establish that he received ineffective assistance of counsel, he must show (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687-88, 694, 104 S.Ct. 2052. In addition to proving that defendant's attorney's representation fell below the standard of reasonableness, it is incumbent

8

upon the defendant in the context of a guilty plea to show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); see also *State v. Washington*, 491 So.2d 1337, 1338-39 (La.1986).

*State v. Montalban*, 00-2739, p.5 (La. 2/26/02), 810 So.2d 1106, 1110.

In the present case, the defendant and State both agreed at the time post-conviction relief was filed that the record was insufficient to determine the issue of whether the defendant's trial counsel was ineffective. In its answer to the defendant's application for post-conviction relief, the State requested an evidentiary hearing stating that "[a] hearing must be held to determine what the understanding was between defense counsel and the defendant, if any, with regard to an appeal of his sentences." Further, the State asserted that without an evidentiary hearing, it would be "impossible" from the record to answer the defendant's ineffective assistance of counsel claims. In reviewing that same record on appeal, we conclude that further proceedings are indicated. On appeal, this court would have to determine whether the defendant's trial counsel's representations fell below an objective standard of reasonableness, however, the circumstances surrounding the defense counsel's actions in light of the plea agreement are not evident from a review of the record. Accordingly, we find an evidentiary hearing is warranted to determine whether defense counsel's representation was ineffective.

## DECREE

For the above reasons, the length of the defendant's sentences are affirmed. This matter is remanded to the district court for a post-conviction evidentiary hearing and consideration of the defendant's application for post-conviction relief.

**SENTENCE AFFIRMED; REMANDED FOR AN EVIDENTIARY HEARING AND CONSIDERATION OF THE DEFENDANT'S APPLICATION FOR POST-CONVICTION RELIEF.**