NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 12-282

STATE OF LOUISIANA

VERSUS

MICHAEL WAYNE HOOD

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 76571
HONORABLE JOHN C. FORD, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of John D. Saunders, Billy Howard Ezell, and James T. Genovese, Judges.

**AFFIRMED WITH INSTRUCTIONS.**

**Asa Allen Skinner**
**District Attorney, Thirtieth Judicial District Court**
**ADA Terry Wayne Lambright**
**P. O. Box 1188**
**Leesville, LA 71446-1188**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
       State of Louisiana

**Peggy J. Sullivan**
**Louisiana Appellate Project**
**P. O. Box 2806**
**Monroe, LA 71207-2806**
**(318) 388-4205**
**COUNSEL FOR DEFENDANT/APPLICANT:**
     **Michael Wayne Hood**

**Michael Wayne Hood, 402384**
**Mercury, D-2, ALC**
**3751 Lauderdale Woodyard Road**
**Kinder, LA 70648**

**EZELL, Judge.**

On June 4, 2009, the Defendant, Michael Wayne Hood, was charged by bill of information as a third felony offender, in violation of La.R.S. 15:529.1.[1] On May 19, 2011, the trial court adjudicated the Defendant to be a habitual offender and issued written reasons for ruling. At sentencing held on August 4, 2011, the trial court confirmed that the Defendant was a third felony offender. After vacating his sentence for manslaughter in docket number 73,309, his third offense, the trial court sentenced the Defendant to serve two-thirds of forty years, or 320 months, at hard labor, without benefit of parole, probation or suspension of sentence. He was also given credit for time served on the vacated sentence. The Defendant's motion to reconsider sentence filed on August 10, 2011, was summarily denied on October 21, 2011.

The Defendant is now before this court on appeal, arguing that he was erroneously adjudicated as a third felony offender and that his sentence is excessive. The Defendant also argues pro se that he was deprived of effective assistance of counsel. The Defendant's habitual offender adjudication and sentence are affirmed.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, the court finds there is one error patent.

This court finds the trial court failed to properly advise the Defendant of the time limitation for filing an application for post-conviction relief. At sentencing, the court stated, "You have 30 days within which to appeal and two years within which to

---

[1]The Defendant was convicted of manslaughter, his third felony offense, on April 20, 2009, and was sentenced to fifteen years at hard labor, without benefit of parole, probation, or suspension of sentence. The Defendant appealed his conviction and sentence which were affirmed by this court in *State v. Hood*, an unpublished opinion bearing docket number 10-70 (La.App. 3 Cir. 10/6/10). His sentence was also amended to delete the denial of parole eligibility. The disposition of the instant habitual offender bill was still pending at the time of his appeal.

file an application for post conviction relief." Louisiana Code of Criminal Procedure Article 930.8 provides the defendant has two years *after the conviction and sentence become final* to seek post-conviction relief. The trial court is directed to inform the Defendant of the provisions of La.Code Crim.P. art. 930.8 by sending written notice to the Defendant within thirty days of the rendition of this opinion and to file written proof that the Defendant received the notice in the record of the proceedings. *State v. Roe,* 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

## ASSIGNMENT OF ERROR NUMBER ONE

By this assignment of error, the Defendant argues that the trial court erred in adjudicating him a third felony habitual offender. The Defendant contends that the use of his conviction in Sabine Parish docket number 50334 cannot be used against him to enhance his sentence because he was "inaccurately" advised by the trial court during his *Boykinization* that the offense could not be used against him in a future habitual offender proceeding. The Defendant also objects to the introduction of a pen pack by the State for a number of reasons.

In *State v. Shelton*, 621 So.2d 769, 779-80 (La.1993) (footnotes omitted), the supreme court explained:

> If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a "perfect" transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self incrimination, and his right to confront his accusers. If the State introduces anything less than a "perfect" transcript, for example, a

2

guilty plea form, a minute entry, an "imperfect" transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that defendant's prior guilty plea was informed and voluntary, and made with an articulated waiver of the three *Boykin* rights. We note that this new procedure will not only give appropriate significance to the presumption of regularity which attaches to judgments of conviction which have become final, but will also provide an advantage to defendants who were previously under *Lewis* unable to introduce any extra-record evidence and whose guilty pleas were heretofore under *Tucker* found constitutionally valid by mere proof of a minute entry and a guilty plea form.

The habitual offender bill was filed by the State on June 4, 2009. The Defendant filed a response and objection to the bill on June 21, 2010, wherein he objected to the use of his conviction in Eleventh Judicial District Court, Sabine Parish, docket number 50334.

On the day of the habitual offender hearing, June 24, 2010, the State filed an objection to the Defendant's response, asserting that the Defendant's response should be stricken from the record and that he be prohibited from asserting the defense that his conviction in Sabine Parish was invalid. The State argued that the response was delivered to the State on June 21, 2010, a total of 272 days after the Defendant's denial on September 22, 2009, and three days before trial, without a request for an extension of time within which to assert such defense.

At the habitual offender hearing, the parties stipulated to the identification testimony of Detective Randy Murray in Sabine Parish docket number 50334, Detective Ronald Wiggins in Vernon Parish docket number 73,309, and Detective Ronnie Hagan docket number 54,153.

Additionally, it was stipulated that Detective Sumney and Michael Stelly of the Louisiana Crime Lab would testify that a comparison was made of the Defendant's fingerprint cards in these three dockets and that all fingerprints were confirmed to be

those of the Defendant. The fingerprints were then introduced into evidence as State's exhibits 1, 2, and 3.

Next, the State referred the trial court to the pen pack introduced into evidence that was included with the habitual offender bill of information, directing the court's attention to the bill of information in Sabine Parish docket number 50334. The State then offered certified true copies of the bill of information and detailed minutes setting forth the *Boykinization*, colloquy, and dialog between the Defendant and the trial court, along with his acceptance of the plea agreement wherein he entered a plea of guilty to a felony offense. The bill of information charging three separate burglaries was amended to reflect one count of theft of property in excess of $100, less than $500, occurring on or about April 10, 1998. The minutes also reflected the Defendant's sentence in the matter.

The Defendant objected to the pen pack from the Department of Corrections (DOC), arguing that the affidavit on the pen pack certified that documents were attached but did not identify the documents attached. Defense counsel maintained that in his experience, the custodian numbers the pages and certifies that the numbered documents are true and correct records. In this instance, however, the Defendant complained that a form affidavit was signed without identifying the attachments.

The State argued that pursuant to La.R.S. 15:529.1, it was proper to use DOC records certified by the warden or custodian of records to prove convictions that took place in Sabine and Vernon Parish. The Defendant's objection was overruled, and the records were admitted as State's exhibit 4.

The State also introduced certified copies of the bill of information, guilty plea transcript, and sentencing transcript in docket number 54153. In docket number 73,309, the State introduced certified copies of the grand jury indictment, an excerpt

4

of the trial transcript showing the return of the jury's guilty verdict of manslaughter, and sentencing transcript.

The Defendant objected again with regard to the documentation of docket number 50334 in Sabine Parish. Referring to *Shelton*, the Defendant argued that the State had not introduced a perfect transcript of the Defendant's guilty plea.

After the State rested its case, the Defendant took the stand to offer testimony for consideration by the trial court in sentencing him. On cross-examination, the State questioned him about his 1998 conviction in Sabine Parish. The Defendant recalled being charged with at least three burglaries, and as a result of his plea agreement, the charges were amended to one count of theft. The Defendant admitted that the plea agreement resulted in his conviction in Sabine Parish. As part of his sentence, the Defendant was ordered to pay restitution with credit given to him for items returned. The Defendant specifically admitted that he was the same person that was convicted in Sabine Parish for the theft of more than $100 but less than $500, and in Vernon Parish for theft.

The matter was then taken under advisement, and the parties were given the opportunity to submit additional briefs. The State maintained that it had met its burden of proof as required by La.R.S. 15:529.1(D)(1)(b), which reads, in pertinent part:

> Except as otherwise provided in this Subsection, the district attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. The presumption of regularity of judgment shall be sufficient to meet the original burden of proof.

With regard to the requirement of a perfect transcript, the State stressed that the Defendant's own testimony established that he was the same person convicted of the two prior felonies alleged in the habitual offender bill of information. The State also

asserted that the Defendant had offered no evidence showing an infringement of his rights or a procedural irregularity in the taking of his guilty pleas. The State urged that its burden of proof was to prove the prior convictions. For convictions obtained by a guilty plea, the State had to show that the Defendant was represented by an attorney at the time of the plea. The State added that *Shelton* revised the prior scheme for allocating burdens of proof in habitual offender proceedings, and the substance and procedure was codified in an amendment of La.R.S. 15:529.1(D) by Act 896 of 1993.

The State also stressed that the Defendant was required to file a written response denying the allegations in the habitual offender bill of information within fifteen days, setting forth his challenge to a previous conviction. As such, it was the Defendant's burden to show by a preponderance of the evidence that a claimed defect in a prior conviction existed; the allegation alone was insufficient. The State contended that at the Defendant's habitual offender hearing, he did not offer any evidence of an irregularity or deficiency of any conviction to shift the burden to the State to prove the constitutionality of an alleged defective guilty plea.

In the Defendant's memorandum filed on April 6, 2011, the Defendant maintained it was the State's burden to prove beyond a reasonable doubt all the facts necessary to adjudicate him as a third felony offender. The Defendant stressed that he objected to the pen pack introduced by the State on the grounds that it was hearsay, that it contained minutes, not verbatim transcripts, and that it contained unnumbered pages with no identification or listing of attachments. The Defendant complained that it was a computer generated print-out without any certification from a custodian of records and without certified court minutes. The Defendant added that even if the trial court found that the Defendant was the individual involved in the offense in

Sabine Parish, the State was still required to prove the constitutionality of his guilty plea. Absent a transcript of the plea, the Defendant urged that the State had not met its burden and should be barred from using the conviction to enhance his sentence.

In finding the Defendant to be a habitual offender, the trial court reasoned:

In a habitual offender hearing, if the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets the burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. (*State v. Armstrong*, 683 So. 2d 1261, 95-1665, La. App. 3 Cir. 10/11/96) The State proved the existence of the prior pleas and that the defendant was represented by counsel at the earlier proceedings. The defendant made no affirmative showing of irregularities in the prior proceedings nor made any argument showing an infringement of his rights.

Considering a lack of affirmative evidence showing that the Defendant's guilty plea to theft in Sabine Parish docket number 50334 was invalid, we find the burden did not shift to the State to produce a verbatim transcript. Accordingly, the Defendant's claim that the State was required to introduce a verbatim transcript to prove this prior conviction is without merit.

The Defendant maintains that the State's introduction of the pen packet was improper because Ella Peterson, who appears to be a custodian of records for the DOC, was not a warden or chief officer, etc., of any prison; thus, she was not qualified to sign the affidavit. As such, the Defendant contends that any certification as to the accuracy and completeness of any record of a prison would be hearsay within hearsay. Had the records been directly certified by a prison warden or chief officer, the Defendant maintains that the hearsay exception regarding business records would be applicable. Section F of La.R.S. 15:529.1 provides:

The certificates of the warden or other chief officer of any state prison, or of the superintendent or other chief officer of any penitentiary

of this state or any other state of the United States, or of any foreign country, or of any chief officer of any parish or county jail in this state or any other state of the United States, or of the clerk of court of the place of conviction in the state of Louisiana, under the seal of his office, if he has a seal, containing the name of the person imprisoned, the photograph, and the fingerprints of the person as they appear in the records of his office, a statement of the court in which a conviction was had, the date and time of sentence, length of time imprisoned, and date of discharge from prison or penitentiary, shall be prima facie evidence of the imprisonment and of the discharge of the person, either by a pardon or expiration of his sentence as the case may be under the conviction stated and set forth in the certificate.

As noted by the State, a similar argument was raised in *State v. Lewis*, 576 So.2d 1106 (La.App. 3 Cir.), *writ denied*, 580 So.2d 669 (La.1991), wherein the defendant argued that the trial court erred in admitting, over his objection the entire contents of a pen pack offered by the State at the habitual offender hearing. The court observed that the record containing the affidavit of Ella M. Peterson, the Records Custodian for the Louisiana Department of Public Safety and Corrections, Corrections Service, certified that the defendant's pen pack contained true and correct copies of the records from the Louisiana Department of Public Safety and Corrections regarding the defendant. Since the affidavit accompanied the defendant's pen pack, the court ruled that it was properly admitted into evidence.

Likewise, in the instant case, the affidavit of Ella Peterson indicates that she was employed as the custodian of records for the Louisiana Department of Public Safety and Corrections (Corrections Services, at the Office of Probation and Parole), and that the attached documents were true copies of the records of the Louisiana Department of Public Safety and Corrections regarding Michael Hood #402384. The affidavit was signed by Ms. Peterson, notarized, and dated May 4, 2009. In light of this court's ruling in *Stewart*, we find that Ms. Peterson was qualified under La.R.S. 15:529.1 to sign the affidavit certifying the records in the Defendant's pen pack. Since

this affidavit accompanied the Defendant's pen pack, the court finds it was properly admitted into evidence.

The Defendant does not refer this court to any statutory requirement, nor are we aware of any statutory requirement, that the pages of a pen pack be numbered and/or that a list of the attachments be included in the affidavit. Although the Defendant raises a valid concern with regard to the completeness of the pen pack, he does not claim that it was missing pages or was incomplete. Also, the Defendant does not challenge any of the information in the pen pack or deny that he was the same person convicted of the offenses.

Considering the totality of the evidence presented by the State at the Defendant's habitual offender hearing, there is no merit to this assignment of error.

## ASSIGNMENT OF ERROR NUMBER TWO

By this assignment of error, the Defendant argues that his sentence is excessive under the facts and circumstances of this case. The Defendant asserts that the trial court had the option of sentencing him for up to forty years for manslaughter, but after a thorough analysis of the circumstances and facts of the case, it concluded that fifteen years was appropriate. The Defendant contends that nothing in the habitual proceeding altered the basis for the previously imposed sentence for manslaughter. Additionally, the Defendant maintains that the trial court failed to sufficiently articulate the factors it considered in particularizing his sentence.

In the Defendant's prior appeal, the excessiveness of his original sentence of fifteen years for manslaughter was raised and addressed by this court. His sentence was not found to be excessive. *State v. Hood*, an unpublished opinion bearing docket number 10-70 (La.App. 3 Cir. 10/6/10). Following his adjudication as a third felony offender, the Defendant's fifteen-year sentence was vacated, and trial court imposed

9

the minimum possible sentence under La.R.S. 15:529.1(A)(3), two-thirds of the longest possible sentence for manslaughter, 320 months (two-thirds of forty years).

In *State v. Boutte*, 10-928, pp. 5-6 (La.App. 3 Cir. 3/9/11), 58 So.3d 624, 629, *writ denied*, 11-689 (La. 10/7/11), 71 So.3d 314 (alteration in original), this court stated:

> Although the minimum sentences imposed upon multiple offenders pursuant to the Habitual Offender Law are presumed constitutional, a court has the power to declare such a sentence excessive under Article I, Section 20 of the Louisiana Constitution. *State v. Lindsey*, 99-3302 (La. 10/ 17/00), 770 So.2d 339. "A court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it which would rebut this presumption of constitutionality." *State v. Johnson*, 97-1906, p. 7 (La.3/4/98), 709 So.2d 672, 676. To rebut the presumption of constitutionality, the defendant must show that he is "exceptional, which in this context means that because of unusual circumstances [he] is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case." *Id*. at 676.

On appeal, the Defendant urges this court to consider his youth, eighteen years of age, at the time the prior offenses were committed and that both prior felony offenses were non-violent theft offenses. With regard to the theft in Vernon Parish, the Defendant refers this court to his response and objection to the habitual offender bill of information wherein he asserts he was a principal to the theft but did not profit from the theft. Additionally, the Defendant stresses that almost ten years had elapsed between the commission of the second and third offenses.

As pointed out by the State, the trial judge was familiar with the Defendant's case, having presided over the original trial, sentencing, and habitual offender hearing. The trial court carefully considered the mitigating and aggravating factors of the Defendant's case at the time he was originally sentenced. In the instant appeal, the Defendant has presented no evidence to show that his particular case was so

exceptional that it deserved a downward departure from the mandatory minimum sentence as set forth in La.R.S. 15:529.1. Accordingly, there is no merit in this assignment of error.

## ASSIGNMENT OF ERROR NUMBER THREE (Pro Se):

By this assignment of error, the Defendant argues, pro se, that he was deprived of effective assistance of counsel during the habitual offender proceeding. He maintains that defense counsel's "ill-advice" induced him into entering a plea of guilty to the habitual offender bill of information. In his conclusion, the Defendant states that defense counsel's advice for him to voluntarily admit he was the person in the pen pack presented by the State for the sole purpose of identification at the habitual offender hearing was nothing less than a complete failure of defense counsel's obligation to him.

In *State v. Christien*, 09-890, p. 7 (La.App. 3 Cir. 2/3/10), 29 So.3d 696, 701, this court stated:

> A claim for ineffective assistance of counsel is properly raised in an application for post-conviction relief because this allows the trial court to order a full evidentiary hearing on the matter. *State v. Burkhalter*, 428 So.2d 449 (La.1983). However, where the record contains sufficient evidence to decide the issue, and the issue is raised by an assignment of error on appeal, it may be considered by the appellate court. *State v. Tapp*, 08-1262 (La.App. 3 Cir. 4/1/09), 8 So.3d 804; *See also State v. James*, 95-962 (La.App. 3 Cir. 2/14/96), 670 So.2d 461.

The record is sufficient in this case to consider the issue of whether defense counsel was ineffective.

As noted in *State v. James*, 95-962, pp. 4-5 (La.App. 3 Cir. 2/14/96), 670 So.2d 461, 465 (citations omitted), ineffective assistance of counsel claims must meet two separate criteria in order to have merit:

> The right of a defendant in a criminal proceeding to the effective assistance of counsel is constitutionally mandated by the Sixth

Amendment of the U.S. Constitution.  In order to prove that counsel was ineffective, the defendant must meet the two-pronged test enunciated by the Supreme Court.  First, the defendant must show that counsel's performance was deficient.  Second, the defendant must show that this deficiency prejudiced the outcome of the trial.  To establish a claim of ineffective assistance of counsel, a defendant must demonstrate that his defense attorney failed to meet the level of competency normally demanded of attorneys in criminal cases.

In considering allegations of ineffectiveness, defense attorneys are entitled to a strong presumption that their conduct fell within the broad range of reasonable professional assistance.  The United States Supreme Court has held that the benchmark for judging a charge of ineffectiveness is whether the attorney's conduct so undermined the proper functioning of the adversarial process that the trial cannot be considered to have produced a just result.

It is not enough for an accused to make allegations of ineffectiveness; the accused must couple these allegations with a *specific showing of prejudice*.  A claim of ineffective assistance of counsel may be disposed of based upon a failure to satisfy either criteria of the established two-pronged test;  if the accused's claim fails to satisfy one, the reviewing court need not address the other.

In the instant case, the Defendant's assertion that he entered a guilty plea to the habitual offender bill of information is factually incorrect.  The record indicates that defense counsel filed a response and objection to the habitual offender bill of information and continued to dispute the bill at the hearing and in memoranda after the hearing.

The record also reflects that after the State rested its case at the habitual offender hearing, defense counsel stated, "I have very brief testimony from Mr. Hood, Your Honor."  When the trial court inquired about the relevance of the Defendant's testimony, defense counsel indicated that it would be directed toward the trial court's determination of his sentence.  Defense counsel followed with questions typically intended to mitigate a sentence.

On cross-examination, the State began with similar questions but then seized the opportunity to ask the Defendant about his arrest and conviction in Sabine Parish.

Counsel for the Defendant objected to the relevance of questions regarding the content of the bill of information, stressing that his prior convictions formed the basis for enhancing his sentence. The objection was overruled, and the State continued with questions about the original charges and ultimate plea. The Defendant admitted that his guilty plea to one charge of theft resulted in his conviction in Sabine Parish. He denied his involvement in the offenses as charged, stating he just happened to be there when the offenses occurred. Although he was ordered to pay restitution with credit for items returned, the Defendant maintained that he did not steal anything. The Defendant also denied committing theft in Vernon Parish, stating that he was unaware that a friend had committed the offense, and he was helping his friend load furniture that had been given to his friend. Again, the Defendant just happened to be present and did not intend to steal anything. According to the Defendant, although he entered a guilty plea to the offense, he never admitted to committing the offense during the investigation.

As impeachment evidence, the State offered into evidence a two-page transcript of the Defendant's statement in conjunction with the investigation of the burglary and theft leading to his prosecution and guilty plea in Vernon Parish docket number 54153. The statement was admitted over the Defendant's objection as State's Exhibit 13. The State then confirmed that the Defendant, recently convicted of manslaughter, was the same person previously convicted in Sabine and Vernon Parishes.

Considering the record before this court of the habitual offender hearing, the facts therein do not support the Defendant's contention on appeal that he was advised by defense counsel to voluntarily admit he was the person in the pen pack. The State had rested its case when the Defendant was called to testify in mitigation of his habitual offender sentence. Even if this court found defense counsel's decision to call

13

the Defendant to testify in mitigation of his habitual offender sentence deficient, the State had already identified him, with sufficient evidence adduced at the hearing, to be the same individual that committed all three offenses; thus, he was not prejudiced in the outcome of the hearing. Accordingly, there is no merit in this assignment of error.

## CONCLUSION

The Defendant's habitual offender conviction and sentence are affirmed. The trial court is directed to inform the Defendant of the provisions of La.Code Crim.P. art. 930.8 by sending written notice to the Defendant within thirty days of the rendition of this opinion and to file written proof in the record that the Defendant received the notice.

**AFFIRMED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules–Courts of Appeal. Rule 2–16.3.