STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-254


STATE OF LOUISIANA

VERSUS

DAVID THOMAS SCHWARZ



**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 11023-11
HONORABLE WILFORD D. CARTER, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Billy Howard Ezell, J. David Painter, and James T. Genovese, Judges.


**AFFIRMED.**



**John Foster DeRosier**
**District Attorney**
**Fourteenth Judicial District Court**
**Karen C. McLellan**
**Assistant District Attorney**
**P. O. Box 3206**
**Lake Charles, LA 70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
      **State of Louisiana**

**Edward Kelly Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **David Thomas Schwarz**

**EZELL, Judge.**

The Defendant, David Thomas Schwarz, was charged by indictment filed on March 17, 2011, with one count of aggravated rape, a violation of La.R.S. 14:42, and one count of indecent behavior with a juvenile, a violation of La.R.S. 14:81. The Defendant entered a plea of not guilty on March 23, 2011. On May 7, 2012, the charge of indecent behavior with a juvenile was amended to cruelty to a juvenile, a violation of La.R.S. 14:93, and the Defendant then entered a plea to that charge pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970). The remaining charge of aggravated rape was *nolle prosequied.* On July 30, 2012, the Defendant was sentenced to three years at hard labor, to run concurrently to the sentence imposed in trial court docket number 11028-11.[1] A motion to reconsider sentence was filed on September 4, 2012, and was denied on September 17, 2012. A motion for appeal was filed on October 16, 2012, and was subsequently granted.

The Defendant is before this court asserting he received ineffective assistance of counsel.[2]

## FACTS

Between January 1, 2010, and January 25, 2011, the Defendant touched the "private parts" of the victim, who was eight to nine years old.

---

[1]The appeal in trial court docket number 11028-11 is before this court in appellate docket number 13-255.

[2]This matter was consolidated for briefing purposes with appellate docket number 13-255. Assignment of error number one will be addressed in that docket number, as it pertains solely to the offense committed therein.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## ASSIGNMENT OF ERROR NUMBER TWO

At the sentencing hearing, defense counsel noted the plea occurred on May 7, 2012, and, on June 25, 2012, the United States Supreme Court issued its opinion *Miller v. Alabama*, __ U.S. __, 132 S.Ct. 2455 (2012). Defense counsel told the trial court that in *Miller* the Supreme Court held that "mandatory life on someone who is 17 at the time of the offense violates the eighth amendment." Defense counsel maintained the allegations in the case at bar were false and informed the trial court that the Defendant entered the plea agreement in the case at bar so that the charge of aggravated rape in trial court docket number 11028-11 would be reduced to forcible rape. Defense counsel alleged that had he had the benefit of the *Miller* decision at the time of the plea, the Defendant "could've got[ten] forcible rape without taking anything" in the case at bar. The trial court proceeded with sentencing but informed defense counsel that he had thirty days to file a motion to withdraw the Defendant's guilty plea.

Based on the colloquy set forth above, the Defendant contends that defense counsel should have filed a motion to withdraw his guilty plea, and his failure to do so constituted ineffective assistance of counsel.

In *State v. Christien*, 09-890, p. 7 (La.App. 3 Cir. 2/3/10), 29 So.3d 696, 701, this court stated:

> A claim for ineffective assistance of counsel is properly raised in an application for post-conviction relief because this allows the trial court to order a full evidentiary hearing on the matter. *State v.*

*Burkhalter*, 428 So.2d 449 (La.1983). However, where the record contains sufficient evidence to decide the issue, and the issue is raised by an assignment of error on appeal, it may be considered by the appellate court. *State v. Tapp*, 08-1262 (La.App. 3 Cir. 4/1/09), 8 So.3d 804; *See also State v. James*, 95-962 (La.App. 3 Cir. 2/14/96), 670 So.2d 461.

The record is sufficient in this case to consider the issue of whether defense counsel was ineffective for failing to file a motion to withdraw the Defendant's guilty plea. "According to *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant seeking to establish ineffective assistance of counsel must prove that 1) the defense attorney's performance was deficient *and* that 2) the deficiency prejudiced the outcome of the trial." *State v. Walton*, 11-1085, p. 6 (La.App. 3 Cir. 4/4/12), 87 So.3d 328, 332, *writ denied*, 12-875 (La. 10/26/12), 99 So.3d 639.

In *Miller*, 132 S.Ct. 2455, the Supreme Court held that mandatory sentences of life without benefit of parole "for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition of 'cruel and unusual punishments.'" *Id.* at 2460. The Supreme Court explained "[s]uch mandatory penalties, by their nature, preclude a sentencer from taking account of an offender's age and the wealth of characteristics and circumstances attendant to it." *Id*. at 2467. The Supreme Court further stated: "Although we do not foreclose a sentencer's ability to make that judgment in homicide cases, we require it to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.* at 2469 (footnote omitted).

*Miller* deals with juvenile offenders charged with or convicted of committing homicide offenses. *Graham v. Florida*, 560 U.S. 48, 130 S.Ct. 2011

3

(2010), in which the Supreme Court held that the Eighth Amendment prohibits a sentence of life without the possibility of parole for a juvenile convicted of a non-homicide offense, should have been the case cited by defense counsel. However, we find that neither case was applicable to the charge of aggravated rape in trial court docket number 11028-11.

The indictment in the case at bar and the "WAIVER OF CONSTITUTIONAL RIGHTS AND PLEA OF GUILTY" form both list the Defendant's date of birth as December 10, 1992. Further, the factual basis set forth at the time the Defendant entered his plea to the amended charge of forcible rape in trial court docket number 11028-11 indicated that the offense occurred on January 25, 2011. Based on this information, the Defendant was eighteen years old at the time he committed the offenses charged in trial court docket number 11028-11. Thus, he was not a juvenile at that time and could have been sentenced to life imprisonment pursuant to La.R.S. 14:42. Accordingly, the filing of a motion to withdraw guilty plea on the basis set forth by defense counsel at the sentencing hearing and argued by appellate counsel in brief to this court would not have been proper in the case at bar.

For the reasons asserted herein, this assignment of error lacks merit.

## DISPOSITION

The Defendant's conviction for cruelty to a juvenile is affirmed.

**AFFIRMED.**

4